# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Cornerstone Enterprises of Greenwood, Inc. | ) | Case No. 17-03127-hb |
| | ) | |
| Debtor, | ) | |
| | ) | |
| _____ | ) | |
| | | |
| John K. Fort, Trustee, | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. _____ |
| | ) | |
| Tammy Wimmer, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

John K. Fort, Chapter 7 Trustee of the bankruptcy estate of Cornerstone Enterprises of Greenwood, Inc., by and through his undersigned attorneys, hereby states as follows:

**GENERAL ALLEGATIONS:**

1. John K. Fort, Plaintiff, is the duly qualified and acting Trustee of the bankruptcy estate of Cornerstone Enterprises of Greenwood, Inc. (hereinafter "Bankruptcy Estate") by virtue of a Court Order dated June 26, 2017 (hereinafter "Plaintiff" or "Trustee").

2. This adversary proceeding arises under Title 11 (11 U.S.C. § 101 *et seq.*) (the "Bankruptcy Code") or arises in or relates to the Chapter 7 bankruptcy case of Cornerstone Enterprises of Greenwood, Inc. (hereinafter "Debtor"), Case No. 17-03127, now pending in the Court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2). To the extent Article III of the United States Constitution does not permit any cause of action asserted herein to be treated as "core," the Plaintiff consents to the Court entering final orders or judgment pursuant to 28 U.S.C. § 157(c)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6. Cornerstone Enterprises of Greenwood, Inc. is the Debtor in the above-referenced Chapter 7 bankruptcy case. Debtor is a South Carolina corporation whose principal place of business was in Greenwood, South Carolina before it ceased doing business.

7. Defendant Tammy Wimmer (hereinafter "Defendant") is a citizen and resident of the State of South Carolina.

8. On June 26, 2017 (hereinafter "Petition Date"), Debtor filed a voluntary Chapter 7 petition (hereinafter "Petition").

9. The Trustee and his professionals have investigated Debtor's financial affairs.

10. Plaintiff's investigation to date has revealed payments made to Defendant by Debtor totaling $69,337.00 (the "Transfers").

11. The Transfers are reflected in Defendant's 2015 and 2016 W-2s, copies of which are attached hereto as **Exhibit A**.

12. Defendant received these Transfers despite testifying in her 2004 Examination, on or about November 28, 2017, that she did not work for the Debtor.

13. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

## FOR A FIRST CAUSE OF ACTION
### Bankruptcy Code § 544 and South Carolina Code § 27-23-10 (Actual Fraud)

14. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

15. Defendant is a transferee of Debtor assets and/or is an individual for whose benefit the Transfers were made.

16. Based on the Plaintiff's investigation thus far, the Transfers have been identified and valued on a preliminary basis, which include transfers to or for the benefit of Defendant.

17. Upon information and belief, the above-described transfers to or for the benefit of Defendant were made with the intent to disturb, hinder, delay, or defraud the rights of creditors of Debtor, and such intent is imputable to Defendant.

18. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

19. At all times relevant hereto, Debtor was indebted to one or more creditors with allowed claims at the time of one or more of the above-described transfers.

20. Even if no debts had existed at the time of one or more transfers, the subject transfers were made with a view toward future indebtedness.

21. As a result, the Transfers are void pursuant to S.C. Code § 27-23-10.

22. Plaintiff prays that the Court issue an order allowing Plaintiff to avoid said transfers pursuant to 11 U.S.C. § 544 and applicable state law, S.C. Code § 27-23-10.

23. Plaintiff further prays that the Court issue an order allowing the Transfers be recovered from Defendant as the initial transferee and/or individual for whose benefit the transfers were made under Section 550 of the Bankruptcy Code.

## FOR A SECOND CAUSE OF ACTION
**Bankruptcy Code § 544 and South Carolina Code § 27-23-10 (Constructive Fraud)**

24.Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

25.Defendant is a transferee of Debtor assets and/or is an individual for whose benefit the Transfers were made.

26.Upon information and belief, the Transfers were made for no or nominal consideration and thus were voluntary.

27.Upon information and belief, Debtor failed to retain sufficient property to repay its debts at all times relevant hereto.

28.At all times relevant hereto, Debtor was indebted to one or more creditors with allowed claims at the time of one or more of the Transfers.

29.Even if no debts had existed at the time of one or more of the Transfers, the Transfers were made with a view toward future indebtedness.

30.As a result, the Transfers are void pursuant to S.C. Code § 27-23-10.

31.Plaintiff prays that the Court issue an order allowing Plaintiff to avoid the Transfers pursuant to 11 U.S.C. § 544 and applicable state law, S.C. Code § 27-23-10.

32.Plaintiff further prays that the Court issue an order allowing the Transfers be recovered from Defendant as the initial transferee and/or individual for whose benefit the transfers were made under Section 550 of the Bankruptcy Code.

## FOR A THIRD CAUSE OF ACTION
**Bankruptcy Code Section 548(a)(1)(A) (Actual Fraud)**

33.Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

34. The Transfers, or a potion thereof, which were to or for the benefit of Defendant, occurred on or within two years before the Petition Date.

35. Upon information and belief, such Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor.

36. Upon information and belief, such actual intent is evidenced by, among other things, the diversion of valuable assets away from existing creditors.

37. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

38. Plaintiff prays that this Court issue an order voiding such Transfers as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A).

39. Plaintiff further prays that this Court issue an order allowing each of the Transfers or the value of the Transfers to be recovered from Defendant as the transferee or entity for whose benefit the Transfers were made under Section 550 of the Bankruptcy Code.

### FOR A FOURTH CAUSE OF ACTION
**Bankruptcy Code Section 548(a)(1)(B) (Constructive Fraud)**

40. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

41. The Transfers, or a portion thereof, which were to or for the benefit of Defendant, occurred on or within two years before the Petition Date.

42. Upon information and belief, Defendant is a transferee of property of the Debtor.

43. Debtor received no or less than reasonably equivalent value in connection with the Transfers which were made to or for the benefit of Defendant and which were transferred by Debtor within two years before the Petition Date.

44. At the time of the Transfers, Debtor (i) was insolvent or became insolvent as a result thereof; (ii) was engaged in a business or transaction, or was about to engage in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; and/or (iii) intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

45. Because of the foregoing, the Transfers may be avoided under Section 548(a)(1)(B) of the Bankruptcy Code, and each transfer may be recovered from Debtor as the initial transferee or entity for whose benefit the transfer was made under Section 550 of the Bankruptcy Code.

46. Plaintiff prays that this Court issue an order voiding such Transfers as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B).

47. Plaintiff further prays that this Court issue an order allowing each of the Transfers or the value of the Transfers to be recovered from Debtor as the transferee or entity for whose benefit the Transfers were made under Section 550 of the Bankruptcy Code.

### FOR A FIFTH CAUSE OF ACTION
**Bankruptcy Code Section 547(b) (Preferences)**

48. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

49. In the event that any of the Transfers were made to Defendant for and on an antecedent debt by the Debtor to Defendant, Plaintiff is informed and believes that those Transfers constitute avoidable preferences pursuant to 11 U.S.C. §547.

50. Trustee is informed and believes that within one (1) year before the Petition Date Debtor transferred to Defendant the sum of Thirty-Five Thousand Eighty-Eight and 50/100 Dollars ($35,088.50) from funds which the Trustee would allege were property of the Estate (the "Preference Transfers").

51. Trustee believes there may have been additional transactions between Debtor and Defendant, for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

52. At the time of the Preference Transfers, Debtor was insolvent and Defendant was an insider.

53. The payments referred to in the proceeding paragraphs enabled Defendant to receive more than she would have received under Chapter 7 of the Bankruptcy Code if the Preference Transfers had not been made.

54. Said Preference Transfers constitute avoidable preferences pursuant to 11 U.S.C. § 547 of the United States Bankruptcy Code.

55. By reason of the foregoing, Defendant is liable to Plaintiff in the sum of Thirty-Five Thousand Eighty-Eight and 50/100 Dollars ($35,088.50) plus interest from the date of the Preference Transfers, as well as for any additional transactions for which documentation has not yet been received.

## FOR A SIXTH CAUSE OF ACTION
**Bankruptcy Code Section 550 (Recovery of Avoided Transfers)**

56. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

57. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the property transferred or the value of such property for the benefit of the Estate to the extent such Transfers are avoided pursuant to, among other sections, Sections 544, 547 and 548 of the Bankruptcy Code.

58. Under Section 550(a)(1) of the Bankruptcy Code, Plaintiff may recover from the initial transferee of such transfer or the entity for whose benefit such transfer was made.

59. Defendant is the initial transferee or entity for whose benefit the Transfers were made.

60. Plaintiff prays that the Court issue an order against Defendant, ordering recovery by Plaintiff for the benefit of Debtor's Estate the property transferred or the value of such property with respect to any Transfers avoided under this Complaint pursuant to 11 U.S.C. § 550 to the extent it is an initial transferee or entity for whose benefit such transfer was made or is an immediate or mediate transferee of such initial transferee.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests and prays that this Court enter judgment in its favor and against Defendant, and award the following relief:

a. An order granting judgment for Plaintiff and voiding the Transfers from Debtor to Defendant found to be fraudulent pursuant to 11 U.S.C. § 544 and S.C. Code § 27-23-10 and pursuant to 11 U.S.C. § 550;

b. An order granting judgment for Plaintiff in the amount of the Transfers from Debtor to Defendant found to be fraudulent pursuant to 11 U.S.C. § 548 and pursuant to 11 U.S.C. § 550;

c. For the sum of Thirty-Five Thousand Eighty-Eight and 50/100 Dollars ($35,088.50) plus interest from the date of the Preference Transfers, as well as any additional sums for which documentation has not yet been received;

d. An order granting judgment for Plaintiff and ordering recovery of the property transferred or the value of such property from Defendant pursuant to 11 U.S.C. § 550 to the extent it is an initial transferee or entity for whose benefit such transfer was made or is an immediate or mediate transferee of such initial transferee;

    e.   Pre-judgment interest;

    f.   Post-judgment interest;

    g.   An order awarding Plaintiff the costs of this suit; and

    h.   For such other and further relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | _s/ Joshua J. Hudson_____ |
|  | Joshua J. Hudson (Fed. Bar No. 11620) |
|  | jhudson@roecassidy.com |
|  | **ROE CASSIDY COATES & PRICE, PA** |
|  | P.O. Box l0529 |
|  | Greenville, SC  29603 |
|  | Telephone:  864-349-2600 |
| Greenville, South Carolina | Facsimile:  864-349-0303 |
| September 10, 2018 | *Attorneys for the Trustee* |